

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTONIO MEJIA RUIZ, | § | No. 08-14-00026-CR |
| Appellant, | § | Appeal from the |
| v. | § | 296th Judicial District Court |
| | § | of Collin County, Texas |
| THE STATE OF TEXAS, | § | (TC# 296-82375-2012) |
| Appellee. | § | |

## **O P I N I O N**[1]

A jury found Antonio Mejia Ruiz guilty of continuous sexual abuse of a child and sentenced him to life imprisonment. On appeal, Ruiz contends the trial court erred by failing to instruct the jury on the lesser-included offense of aggravated sexual assault of a child. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The offense of continuous sexual abuse of a child (hereinafter, "CSAS") occurs when a person commits any of several enumerated acts of sexual abuse two or more times "during a period . . . 30 or more days in duration[.]" *See* TEX.PENAL CODE ANN. § 21.02 (b)(1), (c)(1)-(8)(West Supp. 2014). One of the enumerated acts is aggravated sexual assault of a child (hereinafter, "ASAC"). *See id.* § 21.02 (c)(4). The indictment in this case alleged that, from on or about

---

[1] This case was transferred to this Court from the Fifth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

March 30, 2012 to June 1, 2012, Ruiz committed eight separate and distinct acts of sexual abuse against N.P., including six instances of ASAC: (1)-(2) penetrating N.P.'s vagina with his penis and finger; (3)-(5) contacting N.P.'s vagina, anus, and mouth with his penis; and (6) contacting N.P.'s vagina with his mouth. At the time of the commission of each of these acts, Ruiz was 19 years old and N.P. was 12 years old.[2]

There is no dispute that Ruiz sexually abused N.P. He confessed to investigating officers that he had sexual intercourse with N.P. on three occasions, the first occurring sometime in November or December 2011 in an alley, the second in March or April 2012 in the same alley, and the third in May 2012 in a parking lot. Ruiz also confessed to other acts of sexual abuse, including having N.P. perform fellatio on him and masturbate him on one of the intervening days between the second and third instances of sexual intercourse. N.P. shared that she had sexual intercourse with Ruiz on three occasions, the first occurring in an alley in late March 2012, approximately one week after her 12th birthday,[3] and the second and third instances occurring sometime thereafter. Although N.P. was unable to pinpoint the specific dates on which the second and third instances of sexual intercourse occurred, she related that these incidents took place, respectively, in her friend's apartment and in Ruiz's truck. N.P. also related that the last act of sexual abuse occurred at her friend's apartment in June 2012. N.P. remembered the date of this incident because it occurred at a party on or near the last day of school.

Contending that N.P.'s statements and testimony failed to establish with certainty "when this all got started," Ruiz requested an instruction on the lesser-included offense of ASAC to allow

---

[2] It is a statutory requirement that, "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02 (b)(2). Ruiz does not contend this statutory requirement was not met.

[3] N.P. was born March 23, 2000.

the jury to convict him if it did not "believe beyond a reasonable doubt that these incidents occurred outside of the 30 day time frame[.]" The State objected, arguing that the instruction was not warranted because "no rational jury could find anything but a continuous [offense]" based on the "evidence from both [N.P.] and from the defendant's statement that he gave to the detectives." The trial court denied Ruiz's request.

## LESSER-INCLUDED OFFENSE

Ruiz argues the trial court should have instructed the jury on the lesser-included offense of ASAC because the jury could have disbelieved the testimony of the State's witnesses and concluded that the sexual abuse was committed in a 30-day period. But an instruction on a lesser-included offense is not warranted merely because the jury may disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). Instead, it is warranted solely if there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.[4] *Id*. In other words, there must be some evidence affirmatively rebutting or negating an element of the greater offense, or some evidence subject to different interpretation, one of which rebuts or negates the crucial element. *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd). The State—correctly conceding ASAC is a lesser-included offense of CSAC[5]—asserts that the trial court did not err by refusing to instruct the jury as requested by Ruiz because there is no such evidence. We agree.

---

[4] This is one of two requirements that must be met before a lesser-included offense is submitted to the jury. *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). The other is that the charged offense also includes the lesser offense. *Id.*

[5] *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex.Crim.App. 2011)(holding that "a[ ] [predicate] offense listed under Subsection (c) will always" be a lesser offense of continuous sexual abuse because the latter "is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)")[Internal quotations and emphasis omitted].

The record does not support an instruction on the lesser-included offense of ASAC. Ruiz does not direct our attention to some evidence that *all* the acts of sexual abuse occurred *only* within a 30-day window, and our examination of the record fails to so establish. While Ruiz is correct in that the State did present evidence of a specific date on which the acts of sexual abuse ended, *i.e.*, June 1, 2012, there is no evidence in the record to suggest that all the acts of sexual abuse did not occur for 30 days or more. That a jury could disbelieve the testimony of the State's witnesses regarding the date range for the continuous sexual abuse is not affirmative evidence that the abuse did not take place over the required number of days. *See Bignall*, 887 S.W.2d at 24. Even if jury did not believe the State's witnesses, the record establishes that the acts of sexual abuse occurred for 30 days or more. In his stationhouse interview with the police, the English transcription of which was admitted at trial, Ruiz divulged that he penetrated N.P.'s vagina with his finger in March 2012 and had sexual intercourse with her the third time "[a]bout a month and a half or two" before the interview, which took place on July 11, 2012. Based on the evidence in the record, a jury could not rationally find that if Ruiz is guilty, he is guilty only of the lesser-included offense of ASAC. Ruiz's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 29, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4